Filed 2/17/23 P. v. Kuikahi CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079667 |
| v. | (Super.Ct.No. PEF00593) |
| ROBERT THOMAS KUIKAHI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Robert Thomas Kuikahi, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent him.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[2] setting forth a statement of the case and two potentially arguable issues: (1) whether the trial court erred by denying defendant's petition without issuing an order to show cause and holding an evidentiary hearing; and (2) whether the trial court followed the proper procedures in adjudicating defendant's petition.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

On November 25, 1996, defendant, an admitted gang member, was the passenger of a van that pulled up in front of a group of three teenagers leaning against a truck.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.)

[3] On the court's own motion, we take judicial notice of this court's opinion from defendant's appeal of the judgment (*People v. Kuikahi* (Dec. 22, 1998, E021053) [nonpub. opn.] (*Kuikahi*)). (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)

Defendant opened the sliding door, asked where they were from, pulled out a "long" firearm, and fired six shots. (*Kuikahi*, *supra*, E021053.) Two individuals were struck; one in the back and the other in one finger. (*Ibid.*)

On May 21, 1997, a jury convicted defendant of deliberate, premeditated, attempted murder (§§ 664, 187, count 2) and found true an allegation that defendant personally used a firearm in his commission of the count 2 offense (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)). The jury hung on the count 1 offense of murder. On August 8, 1997, the court sentenced defendant to four years, plus life with the possibility of parole. On December 22, 1998, this court affirmed the judgment holding that sufficient evidence supported his conviction for deliberate, premeditated, attempted murder. (*Kuikahi*, *supra*, E021053.)

On June 1, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.[4]

---

[4] Defendant later submitted several motions pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). *Franklin* permits early parole eligibility to a person who was a "youth offender" when he committed an offense for which he was convicted, and whom the court sentenced to *an indeterminate term of 25 years to life or greater.* (*Id.* at p. 277; see section 3051, subds. (a)(1), (b)(1)-(4).) Defendant was 18 years old when he committed the crime in the instant case. However, the court sentenced defendant to four years, plus life with the possibility of parole.

The court initially ordered that no action be taken on the first *Franklin* motion. The court later assigned the matter to the criminal defense panel of the indigent defense program. However, there is no indication in the record that the *Franklin* matter was ever resolved. Nevertheless, defendant's appeal specifies that it is from the court's denial of his former section 1170.95 petition, not any ruling, or failure to rule on, his *Franklin* motions.

On August 19, 2022, at the hearing on the petition, the People noted that after a review of the file, "[t]he defendant was the shooter in a drive-by in 1997. The jury hung on a murder charge, but found him guilty of attempted murder with gang and personal firearms use allegations. The instructions were also sent on 8/17/22. Nothing regarding aiding and abetting, natural and probable consequences, or felony murder were given. The defendant is statutorily ineligible, and we ask that this petition be denied." Defense counsel responded, "I have confirmed what counsel has provided to me. I submit." The court denied the petition.

## II. DISCUSSION

Here, on December 15, 2022, we issued a "suboptimal" order, which included a reference to *Wende*; this implied that we would independently review the record for potential errors even if defendant chose not to file a supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230, 232.) Therefore, we exercise our discretion to do so even though not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["[I]f the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."]; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."] *id*. at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . .].) We find no arguable issues.

4

## III. DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.